¶ 1. Guardian Fiberglass, Inc. and Insurance Company of North America, the employer and carrier, appeal the decision of the Desoto County Circuit Court reversing the Mississippi Workers' Compensation Commission and reinstating the administrative law judge's decision to award Jeremiah Lesueur, the claimant, permanent partial disability benefits and benefits for loss of wage-earning capacity that were the result of his on-the-job back injury while employed by Guardian. The issues in this appeal are (1) whether the Commission's finding that Lesueur did not sustain a loss of his wage earning capacity was supported by substantial evidence, and (2) whether Lesueur rebutted the presumption of no loss of wage earning capacity since he is still making the same or more than he was at the time of the injury. We *Page 1203 
find that there was substantial evidence presented upon which the Full Commission could find that Lesueur did not sustain a loss of his wage earning capacity. Therefore, we reverse the ruling of the circuit court.
 FACTS
¶ 2. Jeremiah Lesueur worked for Guardian for eight years when the injury occurred. He was working in the quality control division where he coordinated tests and audits for the quality of the fiberglass. Additionally, Lesueur was required to operate an industrial scrubber three times a week in order to clean the floors. He was operating the scrubber on May 21, 1994, when he injured his back. Lesueur continued to work for nearly two weeks until the pain became so severe that he was forced to seek medical attention.
¶ 3. At the direction of the management at Guardian, Lesueur was seen by the company doctor at Hickory Hill Clinic in Memphis. Lesueur was then referred to Dr. Fereidoon Parsioon, a neurological surgeon, who advised him to take two weeks off before returning to work. Although he was eligible to receive workers' compensation temporary benefits during this period, Lesueur chose to use his personal vacation time in order to maintain his perfect attendance record with Guardian.
¶ 4. Dr. Parisoon's examination revealed that Lesueur had sustained a disk injury at the L4 level. Dr. Parisoon recommended a conservative course of treatment and after the two week period Lesueur returned to work on July 22, 1994 with a five pound weight lifting restriction. He continued to work on light duty until the end of October when he suffered a reoccurrence of back pain and was advised by Dr. Parsioon to refrain from work for another two week period.
¶ 5. Dr. Parsioon continued to treat Lesueur conservatively until October 1995 when he finally released him from his care. He also advised that the only resort would be surgical intervention. Dr. Parsioon opined that without surgery, Lesueur would have a permanent disability rating of nine percent to the body as a whole along with a permanent weight lifting restriction of fifty pounds. Lesueur returned to work at Guardian although there were certain duties he could no longer perform or could not perform in the same manner as he was accustomed to doing. According to Guardian, accommodations were made in order to keep Lesueur employed. Nonetheless, Lesueur did not receive any advancement or pay increase other than a plant wide twenty-five cent per hour raise since the time of his injury.
¶ 6. On February 9, 1996, Lesueur filed his petition to controvert against Guardian for injuries he sustained in an admittedly compensable on-the-job accident which occurred on May 21, 1994. On November 21, 1996, a hearing was held before an administrative law judge who found that Lesueur sustained a permanent disability and loss of wage earning capacity as a result of his on-the-job injury. On March 24, 1997, Guardian and ICONA filed a petition for review of the administrative law judge's order. The Full Commission entered its order affirming the administrative law judge's award of temporary total disability benefits for the admittedly compensable work related injury that occurred on May 21, 1994. However, the Commission reversed and denied LeSueur's claim for permanent disability benefits. On February 26, 1999, the Desoto County Circuit Court reversed the Commission's order and reinstated the order of the administrative law judge. Feeling aggrieved, Guardian and ICONA appeal that decision.
 DISCUSSION
I. WHETHER THE COMMISSION'S FINDING THAT LESUEUR DID NOT SUSTAIN ALOSS OF HIS WAGE EARNING CAPACITY WAS SUPPORTED BY SUBSTANTIALEVIDENCE *Page 1204 
¶ 7. The standard of review utilized by this Court when considering an appeal of a decision of the Workers' Compensation Commission is well settled. The Mississippi Supreme Court has stated that "[t]he findings and order of the Workers' Compensation Commission are binding on the Court so long as they are `supported by substantial evidence.'" Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss. 1994). This Court will reverse only where a Commission order is clearly erroneous and contrary to the weight of the credible evidence. Vance, 641 So.2d at 1180. We are not permitted to re-weigh the evidence to determine where, in our opinion, the preponderance of the evidence lies. Lanterman v. Roadway Exp.,Inc., 608 So.2d 1340, 1345 (Miss. 1992). "This court will overturn a Commission decision only for an error of law or an unsupportable finding of fact." Georgia Pac. Corp. v. Taplin, 586 So.2d 823, 826 (Miss. 1991). Therefore, this Court will not overturn a Commission decision unless it finds that the Commission's decision was arbitrary and capricious. Id. See also Walker Mfg. Co. v.Cantrell, 577 So.2d 1243, 1247 (Miss. 1991) (stating that where court finds credible evidence supporting Commission decision, it cannot interfere with that decision any more than with cases from any other administrative body).
¶ 8. Mississippi Code Annotated Section 71-3-51 (Rev. 1993) states in pertinent part that:
 The circuit court shall review all questions of law and of fact. If no prejudicial error be found, the matter shall be affirmed and remanded to the commission for enforcement. If prejudicial error be found, the same shall be reversed and the circuit court shall enter such judgment or award as the commission should have entered.
However, even though there may be some slight evidence to support the Commission's decision, that decision can still be clearly erroneous when the reviewing court "on the entire evidence is left with the definite and firm conviction that a mistake has been made. . . ." Harpole Bros. Const. v. Parker, 253 So.2d 820, 823 (Miss. 1971).
¶ 9. In the case sub judice, the circuit court reweighed the evidence and reversed the Commission as if it were the ultimate finder of fact instead of applying the correct standard of review. After careful review of the record, we have concluded that substantial evidence existed to warrant the Full Commission's decision to deny LeSueur loss of wage earning capacity benefits. LeSueur must prove the essential elements of his claim by competent, credible evidence which is beyond speculation, conjecture, and possibility. LeSueur claimed that he was not promoted at work because he had weight lifting restrictions after his back injury. Guardian presented testimony that LeSueur never sought a promotion nor advanced training, and that had he been interested, they would have accommodated his weight lifting restrictions. Additionally, LeSueur received a raise of twenty-five cents per hour which was implemented plant wide. The Full Commission decided that LeSueur did not suffer a loss of wage earning capacity despite his injury. Since the order of the Workers' Compensation Commission is supported by findings of fact and is not clearly erroneous nor contrary to the weight of credible evidence, this Court will reverse the circuit court's decision which reversed the Full Commission's order denying LeSueur's claim for loss of wage earning capacity.
II. WHETHER LESUEUR REBUTTED THE PRESUMPTION OF NO LOSS OF WAGEEARNING CAPACITY SINCE HE IS STILL MAKING THE SAME OR MORE THAN HEWAS AT THE TIME OF THE INJURY
¶ 10. In determining loss of wage earning capacity, this court considers factors such as "(1) an increase in general wage levels, (2) increased maturity or training, (3) longer hours worked, (4) *Page 1205 
sympathy wages, (5) temporary and unpredictable character of post injury earnings, (6) his inability to work, (7) his failure to be hired elsewhere, and (8) the continuance of pain and any other related circumstances." Spann v. Wal-Mart Stores, Inc.,700 So.2d 308, 313 (Miss. 1997).[1] Thus, a determination should be made only after considering the evidence as a whole. DeLaughter v.South Cent. Tractor Parts, 642 So.2d 375, 379 (Miss. 1994). Disability has been defined in this context as the incapacity to earn wages that the employee was receiving at the time of the injury in the same or other employment. Id. (citing Jordan v.Hercules, Inc., 600 So.2d 179, 183 (Miss. 1992)). To establish industrial disability, the burden is on the claimant to prove (1) medical impairment, and (2) that the medical impairment resulted in a loss of wage-earning capacity Miss. Code Ann. §§ 71-3-3 (I),71-3-17 (c)(25) (Rev. 1995). The fact that a claimant has been able to earn only a small fraction of his former wages is strong evidence of disability and prevails over medical estimates which are related to "functional," as distinguished from "industrial" loss of capacity. Robinson v. Packard Elec. Div., 523 So.2d 329, 331 (Miss. 1988).
¶ 11. In Agee v. Bay Springs Forest Products, Inc.,419 So.2d 188, 189 (Miss. 1982), wherein the claimant had a 5% to 10% disability to the body as a whole, the supreme court conceded that he suffered at least some loss of wage earning capacity in his only means of livelihood as a semi-skilled laborer after his back surgery. However, the court went on to point out that:
 [I]n determining wage earning capacity in the situation where an injured employee returns to work and receives the same or greater earnings as those prior to his injury, there is created a rebuttable presumption that he has suffered no loss of wage earning capacity. An attorney faced with this fact in preparing his case has every opportunity to rebut the presumption by showing a number of surrounding facts and circumstances that the worker's post-injury wages alone are not necessarily decisive. Absent such showing the presumption stands.
Id. (citations omitted).
¶ 12. LeSueur worked for Guardian for eight years. As a result of the accident, he missed a total of four weeks of work. While at Guardian, he held two different positions with similar duties. Those duties in regard to his position at the company changed very little after his injury and what changes that did take place were an increase in his responsibilities. LeSueur earned the same or greater wages since his work-related accident and has earned satisfactory job performance evaluations on numerous occasions, both prior and subsequently to his injury.
¶ 13. Since LeSueur returned to basically the same job, performing the same duties and receiving the same or greater pay, the rebuttable presumption is raised that he did not suffer any loss of wage earning capacity. In order to overcome the presumption, LeSueur must present evidence establishing that his post-injury earnings are not a reliable indicator of that person's true earning capacity. Under Spann, LeSueur had to show that his post-injury earnings were unreliable due to a number of factors. However, according to the Commission, LeSueur did not rebut the presumption of no loss of wage earning capacity. After reviewing the record, the Commission stated that, "other than a $.25 per hour plant-wide pay increase which was implemented since [LeSueur's] injury, no other compelling fact exists to discount the reliability of his current earnings." *Page 1206 
¶ 14. Evidence in the record supports the Commission's decision: LeSueur works substantially similar hours each week since the accident as he did before the injury, his wages are proportionate to his job, and that his maturity, education, and training levels are the same as they were prior to his injury. Testimony from the safety manager at Guardian suggests that LeSueur would receive assistance if any of his duties require him to lift beyond his weight lifting restrictions. Since LeSueur did not establish a loss of wage earning capacity attributable to the compensable injury, he is not entitled to the award of permanent disability benefits.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY ISREVERSED AND THE ORDER OF THE FULL COMMISSION IS REINSTATED. COSTSOF THIS APPEAL ARE TAXED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, IRVING, LEE,MOORE, PAYNE, AND THOMAS, JJ., CONCUR.
[1] Guardian cited Sunbeam/Oster Co. Inc. v. Boden,722 So.2d 713 (Miss. C4. App. 1998) for this and other propositions. It should be noted that this opinion was withdrawn on motion of appellant on February 9, 1999, and therefore, should not be cited as legal authority.