765 So.2d 589 (2000)
TYSON FOODS, INC., a Self-Insured, Appellant,
v.
Eliza THOMPSON, Appellee.
No. 1999-WC-00208-COA.
Court of Appeals of Mississippi.
June 20, 2000.
Rehearing Denied August 22, 2000.
*590 Leland S. Smith III, Jackson, for Appellant.
Roger K. Doolittle, Jackson, for Appellee.
BEFORE KING, P.J., PAYNE, AND THOMAS, JJ.
KING, P.J., for the Court:
¶ 1. Tyson Foods, Inc. (Tyson) has appealed a decision of the Hinds County Circuit Court, which awarded benefits to Eliza Thompson (Thompson) in excess of those awarded by the Workers' Compensation Commission. Finding that the circuit court applied an erroneous standard of review, we reverse.

FACTS
¶ 2. Thompson had been employed in various production positions by Tyson since 1985. On December 21, 1994, while working on the packing line, Thompson began experiencing severe pain in her right shoulder. Thompson reported this injury to her immediate supervisor Derrick Thomas, and requested medical treatment. No medical treatment was provided at this time, nor was an injury report completed. Accordingly, Thompson returned to the production line and continued her work. Over the next several weeks, Thompson, to no avail, continued to request medical treatment for her work related injury.
¶ 3. Finally, in early January 1995, Thompson was seen by Larry Fortenberry in the Tyson medical facility. Thompson again requested that she be seen by a physician which request was denied. Notwithstanding the denial of her request to be treated by a physician, and her continued pain, Thompson continued to work. After approximately six months, Thompson went to the emergency room of the Parkview Hospital in Vicksburg for treatment of her work related injury. There she was diagnosed as having a torn rotator cuff. Thompson began treatment with Dr. Van Temple, who diagnosed her problem as impingement syndrome rotator cuff tendinitis with a possible rotator cuff tear, with a limited range of motion of the right arm.
¶ 4. By October 8, 1996, Thompson had reached maximum medical improvement but had suffered a 20% impairment and loss of physical function to the upper right extremity. As a result of this impairment, Dr. Temple directed that Thompson restrict the use of her right extremity to counter level work, light lifting from floor to counter and engage in no stressful heavy pushing, pulling, twisting or lifting.
¶ 5. Because of these restrictions, Tyson removed Thompson from the packing line and assigned her to DSI, which required that she keep meat straight on a conveyor belt. This is a job which can be performed with one hand. The work is rapid and repetitive, so that sometimes two hands are used.
¶ 6. Thompson filed a petition to controvert and a hearing was held before an administrative law judge (ALJ) on July 18, 1997. On August 4, 1997, the ALJ held that Thompson had suffered a permanent occupational disability of 100% to the right upper extremity and awarded her temporary total disability benefits of $186.25 per week from December 24, 1994 through October 8, 1996 and permanent partial disability benefits of $186.25 per week for a period of 200 weeks. Tyson was also directed to provide Thompson with reasonable and necessary medical services and supplies required due to her injury.
¶ 7. On August 7, 1997, Tyson appealed the ALJ's order to the full Workers' Compensation Commission. By order, dated December 7, 1997, the Full Commission reversed the ALJ's award of 200 weeks' permanent disability, awarding instead 40 weeks, based upon a 20% impairment to the right arm. All other aspects of the ALJ's order were affirmed.
¶ 8. Thompson, aggrieved by the Commission's order, appealed to the Hinds *591 County Circuit Court. By order dated November 12, 1998, the Hinds County Circuit Court awarded Thompson a 100% disability to the right upper extremity. The order, in pertinent part, stated:
After having reviewed the record and other submissions in connection with this matter, it is this Courts' determination that substantial evidence exists to support the findings of the Administrative Judge. Therefore, the initial determination of the Administrative Judge is reinstated. Accordingly, the decision of the Full Commission Order of the Mississippi Workers' Compensation Commission is hereby REVERSED.
¶ 9. Tyson has now pursued an appeal to this Court.

ANALYSIS AND DISCUSSION OF THE LAW

STANDARD OF REVIEW
¶ 10. The Commission is the ultimate finder of fact in compensation cases, and we accordingly defer to its findings, when they are supported by substantial evidence. If supported by substantial evidence the decision must be upheld. Pilate v. International Plastics Corp., 727 So.2d 771 (¶ 12)(Miss.Ct.App.1999).
¶ 11. The review and analysis of Thompson's claim by the Commission is thorough, yet concise. The Commission stated:
A.
The relevant evidence is fairly straightforward. Thompson herself testified that she has worked for Tyson for more than eleven years. In that time she has performed several different jobs ranging from wing cutting, breast pulling, pulling skins, packing, meat weigher and bone inspector. On December 21, 1994 when she sustained the injury which is the subject of this claim she was working as a bagger/packer. At that time, she was packing ten pound bags of meat into boxes and then moving these 40 pound boxes to the side. She developed severe pain in her right shoulder which she promptly reported to her supervisor. She was able to continue performing this job for another six months until she was finally diagnosed with rotator cuff and other right shoulder damage.
According to Thompson, the permanent restrictions she has been given by her doctor prevent her performing the packing job or any of the other above mentioned jobs. Notwithstanding, Tyson provided Thompson with another job which requires repetitive use of the hands and arms in an effort to "keep the meat straight on the line." Although Thompson claims that she continues to have trouble performing even this job, she performs it nonetheless.
B.
The only medical evidence that really matters for present purposes reflects that on October 8, 1996 Thompson was deemed by her primary physician to be at maximum improvement absent more aggressive medical treatment in the form of surgery. He felt Thompson had lost 20% of the physical function of her right arm. As restrictions, he recommended she avoid heavy pushing and pulling, heavy lifting, and any work which requires lifting with the right arm above "counter level" or requires movement of the elbow more than 12 inches away from the body.
C.
When all of the evidence is considered it becomes clear to us that Thompson has failed to prove that she suffers from a permanent occupational disability which is greater than her 20% medical impairment. First, there is no proof that her wage earning capacity has suffered as a result of this injury. Second, she has performed a variety of jobs for Tyson all of which no doubt involve repetitive use of the hands and arms, some perhaps more than other. Her current job likewise *592 involves repetitive use of her hands and arms. Her usual employment is therefore repetitive in nature, involving primarily the upper extremities. Furthermore, she has unquestionably demonstrated an ability to continue satisfactorily performing this type of work in spite of her injury, albeit in a different department or in a different phase of Tyson's chicken processing operation. On this record, we cannot say that Thompson has sustained a loss of use of her right arm in excess of the 20% impairment estimated by her physician
¶ 12. This Court finds that the Commission's decision is based upon substantial evidence and is entitled to be affirmed. Mississippi Transp. Comm'n v. Dewease, 691 So.2d 1007, 1016 (Miss.1997).
¶ 13. We note that the circuit court in its consideration of this matter reversed the Commission because "substantial evidence exists to support the findings of the Administrative Judge." That is an improper standard of review. The circuit court, in its consideration of workers' compensation cases, acts as an intermediate court of appeals and is obligated to defer to the factual findings of the Commission rather than the ALJ. Walker v. Cantrell, 577 So.2d 1243, 1247 (Miss.1991).
¶ 14. Having found that (1) the circuit court applied an incorrect standard of review and (2) there exists substantial evidence to support the Commission's decision, this Court reverses.
¶ 15. THE DECISION OF THE CIRCUIT COURT OF HINDS COUNTY IS REVERSED AND DECISION OF WORKERS' COMPENSATION COMMISSION REINSTATED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLEE.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.