KING, P.J.,
for the Court:
¶ 1. Calhoun Apparel, Inc., and its workers’ compensation carrier (collectively referred to as Calhoun) have appealed the Workers’ Compensation Commission’s award of disability benefits to Josephine Hobson alleging that there is a lack of evidence to support an award of benefits based upon a repetitive motion injury. Finding no merit in this claim, this court affirms.
FACTS
¶ 2. On January 7, 1997, while operating a sewing machine at Calhoun, Hobson struck her left wrist against the machine. Shortly thereafter the injured wrist began to swell. Hobson reported her injury to plant supervisors, and was given some rubbing alcohol to treat her symptoms. Hob-son then returned to her machine.
¶ 3. Because of continued problems with her wrist, Hobson sought medical assistance from Dr. Wayne Lamar on March 31, 1997. Hobson’s principal complaint at that time was “numbness and tingling in both hands, the left more severe than the right.” Hobson did not include in her complaint to Dr. Lamar any specific reference to the January 7, 1997 injury.
*540 ¶ 4. Dr. Lamar pursued a conservative course of treatment with Hobson. When that conservative course of treatment failed to yield the desired result, Dr. Lamar performed a left carpal tunnel release. Dr. Lamar felt that the left carpal tunnel release achieved the desired result. He released Hobson as having reached maximum medical improvement and assigned her a 10 percent permanent, partial disability to the left upper extremity.
¶ 5. Hobson, alleging that her disability was work related, sought workers’ compensation disability benefits. Calhoun contested the benefit request stating that the injury was not work related.
¶ 6. A hearing on Hobson’s claim was conducted by an administrative law judge. During this hearing, Hobson testified as to the repetitive nature of her job, and the nature and impact of her injury. However, she did not specifically state that the injury was caused by repetitive motion.
¶ 7. Dr. Lamar did not testify, although the medical record of his treatment of Hobson was made a part of the hearing record. Dr. Lamar’s medical record reflected treatment of Hobson for carpal tunnel syndrome or repetitive motion injury. His medical records made no effort to associate or disassociate Hobson’s injury to her work at Calhoun.
¶ 8. The administrative law judge made a part of the evidentiary record a 1992 Workers’ Compensation Commission file of an earlier injury claim by Hobson. This file included the medical report of the physician who treated Hobson for this earlier injury. That report diagnosed Hobson with carpal tunnel syndrome from performing repetitive motion in her employment with another apparel manufacturer. This was the same job and the same motions which Hobson now performed in her employment with Calhoun.
¶ 9. The administrative law judge, after careful consideration of the record, including the earlier medical records, held that Hobson had a pre-existing repetitive motion injury which was aggravated by the repetitive motions of her work performed at Calhoun Apparel. This finding was affirmed by the full Workers Compensation Commission and the Calhoun County Circuit Court.
STANDARD OF REVIEW
¶ 10. The Workers Compensation Commission has the statutory responsibility to hear and decide worker compensation claims Miss. Code Ann. § 71-3-85 ( Rev. 2000) It is the finder of fact, and a reviewing court is not authorized to re-weigh the evidence to determine where the preponderance of evidence lies. Lanterman v. Roadway Exp., Inc., 608 So.2d 1340, 1345 (Miss.1992). Where there is credible evidence to support the Commission’s decision, it must be affirmed. Guardian Fiberglass, Inc. v. Lesueur, 751 So.2d 1201 (¶ 7) (Miss.Ct.App.1999).
DISCUSSION
¶ 11. Because there was credible evidence supporting the Commission’s award of benefits, we affirm the award.
¶ 12. The medical record introduced as a part of Hobson’s earlier claim established that Hobson had been diagnosed with carpal tunnel syndrome in 1992, related to her repetitive motion work at Glenn Slacks. The medical record established that the 1992 injury most affected the right wrist, and that a right carpal tunnel release was performed at that time.
¶ 13. The administrative law judge after reading the pleadings and medical records, and weighing the credibility of the witnesses found compensability. This evidence included an unchallenged 1992 medical diagnosis of carpal tunnel syndrome in both the left and right upper extremities. The repetitive motions performed by Hob-son at Calhoun in 1997 were identical to the repetitive motions which caused her 1992 carpal tunnel injury. Notwithstanding this evidence, Calhoun suggests that the absence of specific medical testimony *541 stating Hobson’s 1997 carpal tunnel syndrome was caused by her employment precludes compensability. The Mississippi Supreme Court rejected that suggestion in Hall of Mississippi, Inc. v. Green, 467 So.2d 935, 938 (Miss.1985) stating, “disability need not be proved by medical testimony as long as there is medical testimony which will support a finding of disability.”
¶ 14. There is clearly medical evidence in the record, as identified by the administrative law judge, which supports a finding of disability. Accordingly, this court affirms.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY IS AFFIRMED. COSTS OF APPEAL ARE ASSESSED TO THE APPELLANTS.
BRIDGES, IRVING, LEE, AND PAYNE, JJ., CONCUR. McMILLIN, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J., MOORE, AND THOMAS, JJ.
MYERS, J., NOT PARTICIPATING.