881 So.2d 329 (2004)
Michael D. RICHARDS, Appellant,
v.
HARRAH'S ENTERTAINMENT, INC., Appellee.
No. 2003-WC-00204-COA.
Court of Appeals of Mississippi.
August 24, 2004.
*330 Ellis Turnage, Cleveland, attorney for appellant.
*331 Jeffrey Dean Leathers, Valarie Blythe Hancock, Michael D. Greer, Tupelo, attorneys for appellee.
EN BANC.
MYERS, J., for the Court.
¶ 1. Michael D. Richards appeals to this Court from an order of the Circuit Court of Tunica County, Mississippi in which the circuit court reversed an award of fourteen percent loss of wage earning capacity by the Workers' Compensation Commission. The circuit court ordered that Richards be awarded a thirty percent loss of wage earning capacity. On appeal, Richards raises the following issue for our consideration: whether the Commission's order awarding him a fourteen percent loss of wage earning capacity is without substantial evidence, is clearly erroneous or is premised on incorrect legal standards?

STATEMENT OF FACTS
¶ 2. The record reflects that Richards was employed by Harrah's Casino located in Tunica, Mississippi as a bar back. On April 13, 1995, Richards injured his back while bending over to lift a beer keg off the floor. At the time of his injury, Richards made $8.84 per hour and his average weekly wage was $412.05. As a result of his back injury, Richards sought medical treatment from several physicians who diagnosed him as having lower back strain. Richards reached maximum medical improvement on August 1, 1995.
¶ 3. Richards returned to work at Harrah's as a restaurant host earning the same pay he received prior to his injury. Richards worked less than one week as a host before quitting on November 18, 1995, because the host job required him to stand for long periods of time which caused pain in his back. During the period after his leaving Harrah's, Richards worked at several other jobs. Those jobs included Mantec in Memphis, Tennessee where Richards made between $7 and $10 per hour; Memphis Public Schools at $6.02 per hour and Glenborough Realty at $7 per hour.
¶ 4. On October 11, 1996, Richards filed a petition to controvert. Harrah's answered admitting the work-related injury but denying any loss of wage earning capacity. A hearing on the merits was held on April 15, 1998, and the administrative judge for the Commission issued an order finding that Richards sustained a permanent disability resulting in a loss of wage earning capacity of seven percent. After Richards appealed the order from the administrative judge, the Commission remanded the claim back to the administrative judge for further review on Richards' loss of wage earning capacity. Upon remand, another hearing was held and the administrative judge found that considering his age, education, work history and medical impairment, Richards suffered a fourteen percent loss of wage earning capacity. Richards appealed again to the Commission and the Commission affirmed the findings of the administrative judge based on "the evidence as a whole."
¶ 5. Pursuant to Mississippi Code Annotated Section 71-3-51 (Rev.2000), Richards appealed the order of the Commission to the Tunica County Circuit Court which reversed the prior ruling of a fourteen percent loss of wage earning capacity and found that Richards suffered a thirty percent loss of wage earning capacity. Richards now appeals to this Court based on the order of the circuit court. The finding of the Commission that Richards suffered a fourteen percent loss of wage earning capacity was supported by substantial evidence and the circuit court improperly re-weighed the evidence. Therefore, we reverse the decision of the circuit court and reinstate the fourteen percent loss of wage *332 earning capacity awarded by the Commission.

LEGAL ANALYSIS

I. WAS THE ORDER OF THE WORKERS' COMPENSATION COMMISSION AWARDING RICHARDS A FOURTEEN PERCENT LOSS OF WAGE EARNING CAPACITY SUPPORTED BY SUBSTANTIAL EVIDENCE?
¶ 6. Richards contends that the order of the Commission was not supported by substantial evidence. Our standard of review in workers' compensation cases is well-settled. The Commission is the ultimate finder of fact and this Court defers to the findings of the Commission when they are supported by substantial evidence. Tyson Foods, Inc. v. Thompson, 765 So.2d 589, 591 (¶ 10) (Miss.Ct.App.2000). The circuit court acts as an intermediate court and must also defer to the findings of the Commission when supported by substantial evidence. Id. at 592 (¶ 13). This Court will not overturn a Commission decision unless it is premised on an error of law or an unsupported finding of fact. J.R. Logging v. Halford, 765 So.2d 580, 584 (¶ 15) (Miss.Ct.App.2000).
¶ 7. When determining loss of wage earning capacity, several factors must be considered by the reviewing court. Those factors are: (1) an increase in general wage levels, (2) increased maturity or training, (3) longer hours worked, (4) sympathy wages, (5) temporary and unpredictable character of post-injury earnings, (6) employee's inability to work, (7) employee's failure to be hired elsewhere and (8) the continuance of pain and other related circumstances. Guardian Fiberglass, Inc. v. LeSueur, 751 So.2d 1201, 1204-05 (¶ 10) (Miss.Ct.App.1999). The determination must be made by evaluating the evidence as a whole. Id. at 1205 (¶ 10). Disability is the "incapacity, because of injury to earn wages which the employee was receiving at the time of the injury in the same or other employment." Jordan v. Hercules, Inc., 600 So.2d 179, 183 (Miss.1992). The burden is on the claimant to prove an industrial injury by showing medical impairment and that the medical impairment resulted in a loss of wage earning capacity. Guardian, 751 So.2d at 1205 (¶ 10) (citing Miss.Code Ann. §§ 71-3-3(I), 71-3-17(c)(25) (Rev.2000)).
¶ 8. Richards began working at Harrah's in 1993 as a bar back. His injury occurred in April of 1995. Richards was treated by several doctors who all diagnosed him with low back strain and pain. He received impairment ratings ranging from 2% to 7% to his body as a whole. He was advised not to lift objects greater than twenty to twenty-five pounds. After the injury, Richards returned to work at Harrah's as a host at the same rate of pay. He was terminated from this job when he contended that he could not perform the job because of constant standing which caused muscle spasms.
¶ 9. Since his injury at Harrah's, Richards has consistently been employed. He obtained employment in 1996 with Mantec cleaning service with a $7 per hour rate of pay. When Richards was promoted to manager, his pay increased to $10 per hour. Richards was terminated from Mantec in 1997. He then was employed by the Memphis Public Schools as a substitute helper, working two to three days per week at $6.02 per hour. Richards returned to work at Mantec with a pay of $7 per hour and no overtime. He was then hired by another cleaning company at $6.25 per hour. After working there for two or three months, Richards was employed as a custodian for Glenborough Realty *333 at $7 per hour with no overtime. He left this job after five months when he claimed to have hurt his back while raking leaves. Richards returned to work for the Memphis Public Schools as a custodian, working forty hours per week at $6.02 per hour. Richards was employed here at the time of his second hearing before the administrative law judge. Richards claims that he still suffers from back pain which requires him to wear a back brace and take over-the-counter medications for relief.
¶ 10. The decision on loss of wage earning capacity is "largely factual and is to be left largely to the discretion and estimate of the Commission." Dunn, Vardaman S. MISSISSIPPI WORKMEN'S COMPENSATION § 68 (3d ed.1982). Richards's argument that the fourteen percent figure was reached by totaling his medical impairment ratings is purely speculative and unsupported by the record. The administrative law judge based his finding of a fourteen percent loss of wage earning capacity on a consideration of "Mr. Richards' age, education, work history, and medical impairment." The Commission considered the facts presented and affirmed the decision of the administrative law judge based on "the evidence as a whole, and not on any particular job or wage earned by Mr. Richards since reaching maximum medical improvement."
¶ 11. The circuit court in this case applied an incorrect standard of review by re-weighing the evidence presented and reversing the order of the Commission as to loss of wage earning capacity. The circuit court is an intermediate court and must defer to the findings of the Commission when supported by substantial evidence. Tyson Foods, Inc., 765 So.2d at 592 (¶ 13). The record reflects that the Commission's order of fourteen percent loss of wage earning capacity is supported by substantial evidence and must be affirmed. We, therefore, reverse the order of the circuit court and reinstate the order of the Commission.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY IS REVERSED AND THE ORDER OF THE WORKERS' COMPENSATION COMMISSION IS REINSTATED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., LEE, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING AND BARNES, JJ., NOT PARTICIPATING.