LEE, P.J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. Allan J. Tew was injured on May 18, 2005, while working on a three-phase regulator at the Siemens Power Transmission plant. Tew subsequently filed a petition to controvert with the Mississippi Workers’ Compensation Commission claiming to have sustained a loss of wage-earning capacity due to his injuries. Siemens and its insurance carrier, Liberty Mutual, admitted the existence of Tow’s work-related injuries and paid some temporary disability benefits and for his medical treatment.
¶ 2. After a hearing on June 23, 2008, the administrative judge (AJ) awarded permanent partial disability benefits to Tew in the amount of $288.12 per week for 450 weeks. Siemens then appealed to the Commission. The Commission also found that Tew sustained a loss of wage-earning capacity and was entitled to permanent partial disability benefits. However, the Commission determined that the AJ had miscalculated the post-injury wages and reduced the amount from $288.12 each week to $74.54 per week for 450 weeks. The Rankin County Circuit Court affirmed the Commission’s decision.
*331 ¶ 3. Tew appealed, and the case was assigned to this Court. Tew subsequently filed a motion to stay the appeal and remand back to the Commission for further consideration. This Court granted Tew’s motion on October 9, 2009. The Commission heard arguments and allowed the introduction of additional evidence; however, the initial award of $74.54 per week for 450 weeks remained unchanged. Tew appeals again, asserting the following issues: (1) the trial court failed to apply the proper standard of review; (2) the trial court erred in finding that the Commission’s decision was supported by substantial evidence and was not arbitrary and capricious; and (3) the trial court failed to find that the Commission’s decision was contrary to established law. Although Tew states three issues for our review, his issues are more appropriately stated as follows: Whether the Commission’s decision to reduce the AJ’s award was supported by substantial evidence and was not contrary to law. Finding no error, we affirm.
FACTS
¶ 4. At the time of .his injury, in May 2005, Tew was forty-six years old and had been employed with Siemens since 1989. Tew had no formal education after graduating from high school. Following the accident, Tew was treated by Dr. Lewis Harkey, a neurosurgeon, who performed surgery to correct a broken vertebrae. Tew was also treated by Dr. Charles Sec-rest, a urologist, who performed surgery on his bladder. Tew continues to have bladder issues. Tew was referred to Dr. Michael Winkelmann who specializes in physical medicine and rehabilitation. Dr. Winkelmann treated Tew and eventually released him with a forty percent permanent partial impairment rating to his body as a whole. Dr. Winkelmann restricted Tew to working light/medium duty with a lifting limit of forty pounds occasionally.
¶ 5. Tew returned to work at Siemens, but in a different capacity. Tew and Siemens stipulated that Tew’s current job with Siemens is a regularly staffed position and was not created for Tew out of sympathy. Prior to his injury, Tew earned an hourly wage of $16.49 plus overtime. The parties stipulated that Tew’s average weekly wage was $1,152.96. At the time of the hearing before the AJ, Tew was earning $18.02 per hour. The Commission found Tew’s post-injury weekly wage to be $1,041.15. There was testimony that although Tew’s hourly wage was greater post-injury, his weekly wage post-injury was less due to Siemen’s decision to cut overtime hours company wide.
¶ 6. Kathy Smith, a vocational rehabilitation expert, was retained to determine if Tew would be able to find employment elsewhere if he were not currently employed by Siemens. Smith determined that based upon Tew’s academic functioning and physical restrictions, he would be expected to earn between $6.81 and $9.43 per hour. Smith based this determination on several available employment positions. None of these sample positions included work similar to Tew’s current job at Siemens. Smith admitted that Tew’s current job with Siemens was within the restrictions assigned by Dr. Winkelmann.
¶ 7. During the hearing before the Commission on remand, Tew argued that his post-injury average weekly wage had been reduced as of October 15, 2009, to $755.11, compared to $1,041.15 which the Commission considered in its original order on February 2, 2009. The Commission found that the reduction in Tew’s hours was due to economic conditions and proved to be temporary in nature, only halting production at the plant for seven days.
STANDARD OF REVIEW
¶ 8. The standard of review in workers’ compensation cases is well estab *332 lished. The decision of the Commission will be reversed only if it is not supported by substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law. Weatherspoon v. Croft Metals, Inc., 853 So.2d 776, 778 (¶ 6) (Miss.2003) (citing Smith v. Jackson Constr. Co., 607 So.2d 1119, 1124 (Miss.1992)). We will exercise de novo review on matters of law. KLLM, Inc. v. Fowler, 589 So.2d 670, 675 (Miss.1991).
DISCUSSION
¶ 9. Tew’s argument on appeal is that the Commission erred in reducing the AJ’s initial award of $288.12 per week for 450 weeks. Specifically, Tew contends that the Commission erred in determining his loss of wage-earning capacity by using the difference between his pre-injury wages and his post-injury wages.
¶ 10. According to Mississippi Code Annotated section 71—3—17(c)(25) (Rev.2000), in determining Tew’s permanent partial disability compensation, “compensation shall be sixty-six and two-thirds percent (66-2/3%) of the difference between his average weekly wages, subject to the maximum limitations as to weekly benefits as set up in this chapter, and his wage-earning capacity thereafter in the same employment or otherwise....” A decision regarding the loss of wage-earning capacity is “largely factual and is to be left ... to the discretion and estimate of the Commission.” Bryan Foods, Inc. v. White, 913 So.2d 1003, 1010 (¶ 28) (Miss.Ct.App.2005).
¶ 11. The Commission’s objective in determining post-injury earning capacity is to “determine the wage that would have been paid in the open labor market under normal employment conditions to claimant as injured.” Karr v. Armstrong Tire & Rubber Co., 216 Miss. 132, 139, 61 So.2d 789, 792 (1953). There are a number of factors the Commission should use to aid it in determining wage-earning capacity. The factors are:
(1)’an increase in general wage levels, (2) increased maturity or training, (3) longer hours worked, (4) sympathy wages, (5) temporary and unpredictable character of post-injury earnings, (6) employee’s inability to work, (7) employee’s failure to be hired elsewhere, and (8) the continuance of pain and other related circumstances.
Richards v. Harrah’s Entm’t, Inc., 881 So.2d 329, 332 (¶ 7) (Miss.Ct.App.2004). “The determination must be made by evaluating the evidence as a whole.” Id. In Karr, the supreme court held that the determination of earning capacity should be made “on the strength not only of actual post-injury earnings but of any other available clues.” Karr, 216 Miss. at 138, 61 So.2d at 792. Although not listed specifically in Richards, it is clear that actual post-injury wages are a factor to be considered. See Nissan N. Am. v. Short, 942 So.2d 276, 280 (¶ 15) (Miss.Ct.App.2006).
¶ 12. It is clear from the Commission’s orders that, although it found the AJ’s calculation of Tew’s post-wage earning capacity to be in error, it adopted the AJ’s analysis. The AJ considered the evidence as a whole, including Tew’s age, education, work history, medical testimony, physical impairment, and current work status. In its order dated January 6, 2010, the Commission noted that, in its original order, its intent was to view Tew’s post-injury wage earnings “as indicative of, and a reliable measure of, his post-injury earning capacity.” The Commission refused to further modify Tew’s initial award because Tew had failed to prove that he was earning less than was shown at the initial hearing as the result of his injury. As mentioned previously, Tew experienced a temporary *333 reduction in hours as a result of economic conditions at Siemens.
¶ 13. After considering the evidence and the entire record, we find that the Commission’s decision to award permanent partial disability benefits of $74.54 for 450 weeks was supported by substantial evidence. Accordingly, we affirm the judgment of the trial court, which affirmed the Commission’s decision.
¶ 14. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.