# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-WC-00012-COA

**ANTHONY CHAMBERS**                                                    **APPELLANT**

**v.**

**HOWARD INDUSTRIES INC.**                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/03/2019 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEY FOR APPELLANT: | FLOYD E. DOOLITTLE |
| ATTORNEYS FOR APPELLEE: | PARKER FORD LEGGETT |
| | WILLIAM LAWRENCE THAMES |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED - 01/12/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., GREENLEE AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT**:

¶1.     Anthony Chambers now appeals the award for payment of permanent disability benefits of $81.38 per week for 450 weeks as a result of his work-related injury at Howard Industries Inc., which is self-insured. Chambers argues that the method used to calculate the amount of weekly permanent partial disability benefits was not in accordance with Mississippi Code Annotated section 71-3-17(c)(25) (Supp. 2012). This Court finds substantial evidence supports the decision of the Mississippi Workers' Compensation Commission and therefore affirms its decision.

## STATEMENT OF THE FACTS

¶2. On August 7, 2013, Chambers suffered a work-related injury to his neck while operating a brake press. In June 2015, he underwent a C3-C6 discectomy and fusion, and on June 22, 2016, he reached maximum medical improvement (MMI) for his work-related injury.

¶3. As a result of his injuries, Chambers filed a petition to controvert alleging that he injured his neck and spine on August 7, 2013, while lifting metal. On May 3, 2018, Howard Industries filed its answer and admitted that the suffered injuries were work-related. On January 21, 2019, the Administrative Judge held a hearing to determine the extent of permanent disability or loss of wage-earning capacity that resulted, if any.

¶4. On the date of the accident, Chambers earned $12.83 per hour and worked ten to twenty hours of overtime each week. Additionally, he returned to work before reaching MMI and continues to work as a brake press operator at Howard Industries. To better accommodate Chambers, Howard Industries assigned another employee to picking up metal to be used on the 13-foot brake press that he operates. When he reached MMI, his pay increased to $13.18 per hour, and by the time of the hearing, his pay rate had increased to $13.63 per hour. Prior to the injury, Chambers earned an average weekly wage of $610.35, and since returning to work after reaching MMI, he now earns $703.56 weekly.

¶5. The Administrative Judge found that Chambers sustained a twenty percent loss of wage-earning capacity, translating to a loss of $122.07 per week, figured at twenty percent of his pre-injury average weekly wage. As a result, Howard Industries was ordered to pay

permanent partial-disability benefits at the rate of $81.38 per week (two-thirds of $122.07) beginning June 23, 2016, and continuing for a period of 450 weeks. Chambers now appeals this decision.

## STANDARD OF REVIEW

¶6. "The standard of review in worker's compensation cases is limited by the substantial evidence test." *McDonald v. I.C. Isaacs Newton Co.*, 879 So. 2d 486, 489 (¶11) (Miss. Ct. App. 2004). This Court will not reverse the Commission's decision unless we find that it is clearly erroneous and contrary to the overwhelming weight of the evidence. *Smith v. B.C. Rogers Processors Inc.*, 743 So. 2d 997, 1002 (¶13) (Miss. Ct. App. 1999).

¶7. We review the Commission's application of the law de novo. *Gregg v. Natchez Trace Elec. Power Ass'n*, 64 So. 3d 473, 475-76 (¶9) (Miss. 2011). "The legal effect of the evidence, and the ultimate conclusions drawn by the Commission from the facts[,] are questions of law, especially where the facts are undisputed or the overwhelming evidence reflects them." *Id.* "When the agency has misapprehended a controlling legal principle, no deference is due, and our review is de novo." *Id.*

## DISCUSSION

### I. Whether substantial evidence supports that Chambers has rebutted the presumption of no loss of wage-earning capacity.

¶8. Chambers argues that the Commission did not properly calculate the permanent partial-disability benefits under section 71-3-17(c)(25). However, before reaching an analysis of statutory calculations, Chambers must first rebut the presumption of no loss of wage-

earning capacity due to having an increase in post-injury pay. "A rebuttable presumption of no loss of wage-earning capacity arises when the claimant's post-injury wages are equal to or exceed his pre-injury wage." *Gregg*, 64 So. 3d at 476 (¶12). This presumption is rebutted by

> evidence on the part of the claimant that the post-injury earnings are unreliable due to: increase in general wage levels since the time of accident, claimant's own greater maturity and training, longer hours worked by claimant after the accident, payment of wages disproportionate to capacity out of sympathy to claimant, and the temporary and unpredictable character of post-injury earnings.

*Id.* "Any factor or condition which causes the actual post-injury wages to become a less reliable indicator of earning capacity will be considered." *Id.*

¶9. The Commission found this presumption was rebutted by the evidence Chambers presented. Chambers presented evidence showing that he does not perform his job in the same manner because Howard Industries made his job easier to perform by providing the assistance of a second brake-press operator. Additionally, the increase in his wage was a result of an overall increase in general wage levels since his injury. Chambers also presented vocational evidence to demonstrate that he would have a reduction in wages due to his injury in the open labor market if he were to become unemployed. We agree that Chambers has rebutted this presumption of no loss of wage-earning capacity.

**II.    Whether substantial evidence supports the Commission's calculation of Chamber's permanent partial-disability benefits.**

¶10. The Commission calculated Chamber's permanent partial disability pursuant to

section 71-3-17(c)(25), which is now at issue. This statute provides:

> In all other cases in this class of disability, the compensation shall be sixty-six and two-thirds percent (66-2/3%) of the difference between his average weekly wages, subject to the maximum limitations as to weekly benefits as set up in this chapter, and his wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the commission on its own motion or upon application of any party in interest. Such payments shall in no case be made for a longer period than four hundred fifty (450) weeks.

Miss. Code Ann. § 71-3-17(c)(25).

¶11.    Based upon the testimony of his vocational rehabilitation consultant, Angela Malone, Chambers contends that his average post-injury earning capacity is $9.40 per hour in the open labor market, which is equivalent to $360 per week. Applying these figures to the statute, Chambers argues that the proper calculation should have included the stipulated average weekly wage of $610.35, resulting in $166.83 per week for permanent partial-disability benefits: $610.35 - 360.00 = $250.25 x .6667 = 166.83.

¶12.    However, the decision on loss of wage-earning capacity is "largely factual and is to be left largely to the discretion and estimate of the Commission." *Richards v. Harrah's Entm't Inc.*, 881 So. 2d 329, 333 (¶10) (Miss. Ct. App. 2004) (quoting Vardaman S. Dunn, *Mississippi Workmen's Compensation* § 68 (3d ed.1982)). When determining loss of wage-earning capacity, several factors must be considered by the reviewing court. Those factors are "(1) an increase in general wage levels, (2) increased maturity or training, (3) longer hours worked, (4) sympathy wages, (5) temporary and unpredictable character of post-injury

5

earnings, (6) employee's inability to work, (7) employee's failure to be hired elsewhere and (8) the continuance of pain and other related circumstances." *Id*. (citing *Guardian Fiberglass Inc. v. LeSueur*, 751 So. 2d 1201, 1204-05 (¶10) (Miss. Ct. App.1999)). "The determination must be made by evaluating the evidence as a whole." *Id.*

¶13. While the testimony of the vocational expert aided the Commission's decision, the testimony is not solely determinative. The Commission affirmed the finding of the Administrative Judge that Chambers sustained a twenty-percent loss of wage-earning capacity compared to his stipulated pre-injury average weekly wage. The Commission reached this decision by weighing factors such as Chambers's age, experience, employment for three years post-MMI, increase in wage, and his demonstrated continuance in earning overtime for three years post-MMI. Taking the twenty-percent loss of wage-earning capacity into account, the Commission's calculations equated to $610.35 x 20% = 122.07 x .6667 = $81.38.

¶14. Similarly, in *Itta Bena Plantation III v. Gates*, 282 So. 3d 721, 725 (¶13) (Miss. Ct. App. 2019), the Commission found the Claimant to have a seventy-five percent loss of wage-earning capacity. Although not spelled out in the opinion, the calculations are the same that the Commission used in this case. The claimant's average weekly wage at the time of injury was $718.05, and the Court awarded him $359.02 per week in permanent disability benefits for 450 weeks. Applying these figures to the calculations results in a similar equation in which this Court affirmed the Commission's decision: $718.05 x 75% = 538.5375 x .6667

6

= 359.04 (notably two cents more).

¶15.   Finding substantial evidence to support the calculation of the Commission, we affirm the decision. The Commission's award of $81.38 per week for 450 weeks was not clearly erroneous nor contrary to the overwhelming weight of the evidence; therefore, we shall not disturb the decision.

¶16.   **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**